AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

**FILED**

# UNITED STATES DISTRICT COURT
## Western District of Texas
### SAN ANTONIO DIVISION

MAY 2 6 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

UNITED STATES OF AMERICA

v.

TASHA EBERHARDT

Defendant.

Case Number   SA-10-CR-1023(1)-H
USM Number   69163-280

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, TASHA EBERHARDT, was represented by Clark Adams.

The defendant pled guilty to Count(s) One of the Indictment on February 22, 2011.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count (s) |
|---|---|---|---|
| 18 U.S.C. 1030(a)(4) | Accessing Protected Computer in Furtherance of Fraud | May 12, 2010 | One |

As pronounced on May 24, 2011, the defendant is sentenced as provided in pages 2 through 5 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 25th day of May, 2011.

HARRY LEE HUDSPETH
Senior United States District Judge

AO 245 B (Rev. 06/05)(W.D.TX.) - Probation

Judgment--Page 2

Defendant:  TASHA EBERHARDT
Case Number:  SA-10-CR-1023(1)-H

## PROBATION

The defendant is hereby placed on probation for a term of five (5) years.

While on probation, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth in pages 3 and 4 of this judgment; and shall comply with the following additional conditions:

<u>X</u>     The defendant shall participate in a program for treatment and counseling for substance abuse as directed by the probation officer.

<u>X</u>     The defendant shall participate in a mental health program approved by the probation officer.

AO 245 B (Rev. 05/04)(W.D.TX.) - Probation

Judgment--Page 3

Defendant: TASHA EBERHARDT
Case Number: SA-10-CR-1023(1)-H

## CONDITIONS OF PROBATION

### Mandatory Conditions:

1)  The defendant shall not commit another federal, state, or local crime.

2)  The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3)  In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4)  If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5)  The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

6)  If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7)  If convicted of a domestic violence crime as defined in 18 U.S. C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8)  If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

### Standard Conditions:

1)  The defendant shall not leave the judicial district without permission of the court or probation officer.

2)  The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3)  The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4)  The defendant shall support his or her dependents and meet other family responsibilities.

5)  The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6)  The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 05/04)(W.D.TX.) - Probation

Judgment--Page 4

Defendant:  TASHA EBERHARDT
Case Number:  SA-10-CR-1023(1)-H

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer.  The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release.  The defendant shall not illegally re-enter the United States.  If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____.  Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months.  During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period.  At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.  The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform ____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

Judgment--Page 5

Defendant: TASHA EBERHARDT
Case Number: SA-10-CR-1023(1)-H

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court,  655 East Durango Boulevard, Room G-65, San Antonio, Texas 78206.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTAL: | $100.00 | $0 | $38,048.26 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.   Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

### Restitution

The defendant shall pay restitution in the amount of $38,048.26 through the Clerk, U.S. District Court, for distribution to the payee(s).  Payment of this sum shall begin immediately.

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten(10) days after the criminal Judgment has been entered.

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| Healing Touch Program<br>Attn: Lisa Gordan<br>20822 Cactus Loop<br>San Antonio, TX 78258 | $38,048.26 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1)  assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.